UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>- vs -<br><br>ARHAM & AYDIN INVESTMENT, INC., *et al.,*<br><br>Defendants. | CASE NO.: 4:26-cv-03853 |

**FINAL DEFAULT JUDGMENT**

Pending before the Court is Plaintiff, Joe Hand Promotions, Inc.'s Motion for Final Default Judgment and Supporting Brief ("Motion"). After reviewing the Motion, the accompanying Supporting Brief thereof, the evidence, the pleadings on file, and the applicable law, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act and recognizes Plaintiff's election to seek statutory damages under 47 U.S.C. § 605.

The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants, (1) Arham & Aydin Investment, Inc., d/b/a Daiquiri Island To Go #14, d/b/a Daiquiri Island To Go, and d/b/a Daiquiris To Go, and (2) Zeeshan Fareed (collectively, "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Complaint are deemed admitted against Defendants; that Defendants publicly

exhibited the audiovisual closed-circuit broadcast of the *Jake Paul vs. Nate Diaz* boxing match, including all undercard bouts and commentary, telecast on August 5, 2023 (the "Program") without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, as follows:

1. Judgment by default is hereby entered in favor of Plaintiff, JOE HAND PROMOTIONS, INC. and against Defendants, ARHAM & AYDIN INVESTMENT, INC., d/b/a DAIQUIRI ISLAND TO GO #14, d/b/a DAIQUIRI ISLAND TO GO, and d/b/a DAIQUIRIS TO GO,

2. Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00.

3. Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $20,000.00.

4. Plaintiff hereby recovers reasonable attorney's fees from Defendants, jointly and severally, in the amount of $2,725.00.

5. Plaintiff hereby recovers costs from Defendants, jointly and severally, in the amount of $572.50.

6. The Court also awards to Plaintiff post-judgment interest from Defendants, jointly and severally, on the amounts awarded herein at an annual rate of ________ from the date of this judgment until paid.

7. All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any writ of execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this judgment.

8. This is a final judgment.

It is **SO ORDERED.**

SIGNED this ______ day of ____________, 2026.

________________________________
NICHOLAS J. GANJEI
UNITED STATES DISTRICT JUDGE